TüRNEY, J.,
delivered the opinion of the Court.
The judgment of the Circuit Court must be reversed, for error in the Court, in overruling the motion for a new trial.
An action of trespass was commenced and prosecuted in the Circuit Court of Claiborne county, by the defendant in error, against the plaintiff in error, for seizing and taking of the property of the plaintiff, fifteen hundred pounds of sugar.
On the trial, the defendant in error introduced, as a witness, John McCrary, who stated, “that witness, defendant and others, were staying all night at Smith Seals’. All the party went out to the barn or stable, except defendant and witness, and we did not go out. While we were sitting together by the fire, defendant told me he had had the plaintiff’s property taken;, that he, the defendant, went along most of the way, but stopped a little short, but in sight of the place where the goods were taken, and then returned with the soldiers; and that his son went with the wagon and got the sugar. The circumstance began by my running down the plaintff, and letting on that I was a rebel. Defendant told me that he bought some sugar of the soldiers, and got some work done for it; and also, that they sold to other neighbors near them. Plaintiff never got me to ask defendant about the matter.”
There was verdict and judgment for defendant in error. A motion for a new trial was overruled.
In support of his motion, the plaintiff in error read his own affidavit, in which he states “he was wholly *448 taken by surprise by the testimony of the witness, John McCrary; that no such conversation took place between him and the witness as that detailed; that he did not remain in the house in private conversation with said witness, whilst the other men of the company went to the stable; that he and Richard Burk went in company to the house of Smith Seals, about dark. Both went with their horses, and helped to put them up and feed them. Affiant got up in the stable loft and handed down oats. Affiant could not foresee that said McCrary would state what he did, nothing of the kind having occurred. Since the trial, he learns he can prove the facts he alleges by Richard Burk.”
The affidavit of Richard Burk was also read in support of the motion, and corroborates, in every pai’-ticular, that of Sharp, stating further, that he has no recollection of being out of the company of Sharp that night at any time.
Taking these affidavits as true, which we must do on a motion for a new trial, the Court should have granted it.
It is clear, from these affidavits, that the plaintiff in error was surprised by the testimony of McCrary, and that he could not have been prepared to meet it.
It appears probable, from the whole case, that if the evidence of Richard Burk had been before a jury, a different verdict would have been rendered. Therefore a new trial should have been granted. 3 Hum., 223-4.
In the examination of the testimony, Alfred Fletcher, a witness, stated, in response to a question of the Court, “ the defendant was acting with the rebels, and the plaintiff was a Union man.”
*449 After the consideration of the question which disposes of the case in this Court, it is unnecessary for us to decide whether this was error. But it does become us to say that such a course by the Court, in the presence of a jury, is highly improper, and, in this instance, made reprehensible, in bringing to the consideration of the jury testimony, not only illegal in, and wholly irrelevant to, the case at bar, but political and inflammatory in its nature, which was calculated to, and doubtless did, excite and misguide the jury, impressed, as they were, with its pertinency by the question of the Court.
As a general rule, and a safe one, it is the province of a Court presiding over jury trials to try causes as presented by parties or their attorneys; to administer the law as' they, by their pleadings and proof, develop it; at no time performing the olflce of an attorney.
Judgment reversed and cause remanded.